UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MATTHEW BOHANNON,

      Plaintiff,

      v.                                                                                    Case No. 2:14-cv-247-JVB-JEM

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

**OPINION AND ORDER**

Plaintiff Matthew Bohannon seeks judicial review of the Commissioner of Social Security's decision denying him disability insurance benefits, and asks this Court to either reverse or remand the Commissioner's decision. For the reasons discussed below, the Commissioner's decision is remanded for further consideration.

**A.     Overview of the Case**

Plaintiff is in his fifties, has an eighth-grade education, and previously worked as a fast-food cook and deli slicer. (R. at 37–38.) Plaintiff alleges that he became disabled on October 5, 2006, due to a hip joint fracture. (R. at 28.) Following a hearing on March 19, 2013, Administrative Law Judge David Bruce determined that Plaintiff suffered from severe conditions including seizure disorder, osteoarthritis and late effects of hip replacement, cervical degenerative disc disease, and poly-substance abuse disorder. (R. at 30.) He concluded that Plaintiff could however do light work with certain limitations, including no standing for more

than four hours and no exposure to heights or hazards (R. at 38.) The ALJ's decision became final when the Social Security Appeals Council denied Plaintiff's request for review. (R. at 5.)

**B.      Standard of Review**

This Court has authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision that applies the correct legal standard and is supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). The Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.      Disability Standard**

The Commissioner has established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

A "no" at any point besides step three means that the claimant is not disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A "yes" leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Id.* The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.      Analysis**

Plaintiff argues that: the ALJ did not have substantial evidence to support his finding that Plaintiff could stand for four hours, the ALJ made contradictory and erroneous determinations regarding Plaintiff's credibility, and recent policy clarifications by the Commissioner require a finding of disability.

**(1)** *The ALJ had no basis to find Plaintiff capable of standing for four hours*

The ALJ found that Plaintiff could do light work, as long as he did not have to stand for more than four hours. (R. at 37.) But the record contains no support for this four-hour limitation. In fact, the only medical evidence on this point is a physician's recommendation that Plaintiff avoid "prolonged standing" because of his hip condition. (R. at 36.) Nothing in the record specifies what "prolonged" might mean. The four-hour limitation thus does not seem to have been based on any evidence at all.

Nor is this a trivial shortcoming. For example, if Plaintiff can only stand for two hours, that would mean he can only do sedentary work. SSR 83-10. And the Commissioner's guidelines (the "grid rules") indicate that if a claimant of Plaintiff's age and education can only perform sedentary work, he is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2. Thus, the success of Plaintiff's claim may well hinge on exactly how long he can stand during a working day.

The government argues that the ALJ's error is nonetheless harmless because even if Plaintiff can only stand for a shorter length of time than four hours, he can still perform the specific jobs that the ALJ cited. But this argument calls for a closer look at the ALJ's suggested jobs: "information clerk," "marker," and "mail clerk." (R. at 38.) These job titles come from the *Dictionary of Occupational Titles* (DOT), which dates in large part from 1977. As the Seventh Circuit has recently observed, the DOT does not reflect today's job market. *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014). And it seems unlikely that there are many jobs today that

3

solely involve telling customers how to buy bus tickets (information clerk), putting price tags on retail items (marker), or sorting mail into mailboxes (mail clerk). The ALJ's opinion refers to no other evidence that such jobs exist in significant numbers today.

The Commissioner bears the burden of showing that there are jobs Plaintiff can do. *See Clifford*, 227 F.3d at 868. The Commissioner did not meet that burden here.

Plaintiff further seeks a reversal without remand because of recent clarifications of Social Security Administration policy. Specifically, the Commissioner recently issued a new rule clarifying that if a claimant's functional capacity is between two lines on the "grid," the ALJ should apply the lower line. SSA POMS DI 25025.015 (Mar. 27, 2015). In other words, borderline cases are resolved in favor of disability. According to this standard, even if the ALJ's four-hour limitation stands, Plaintiff is still disabled, because four hours is between the light-work line (six hours) and the sedentary-work line (two hours), and the grid specifies that someone of his age and education who can only do sedentary work is disabled.

But these grid rules aren't absolute unless a claimant's limitations are solely exertional. *Fast v. Barnhart*, 397 F.3d 468, 471–72 (7th Cir. 2005). Plaintiff has both exertional and nonexertional limitations (needing to avoid heights and hazards). Accordingly, the grid rules only provide a framework to guide the ALJ's decision. Therefore, even if the new rule would otherwise provide an appropriate basis for reversal, the case must be remanded so that the ALJ can apply the rule to Plaintiff's specific case.

**(2)** ***The ALJ's statements regarding Plaintiff's credibility are not contradictory***

Plaintiff contests the ALJ's judgments discounting his credibility, particularly regarding the severity of his symptoms. ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d

4

811, 815 (7th Cir. 2014). Courts will not overturn an ALJ's credibility determination unless it lacks explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based the determination on specific findings and record evidence. *Id.*

The ALJ stated several times in his opinion that he gave Plaintiff's testimony "great credence," yet subsequently rejected that testimony as not credible. (R. at 35–37.) This word choice is certainly confusing. But although closely related, "credence" and "credibility" are not synonyms. The ALJ can give credence to Plaintiff's subjective account, i.e. believe Plaintiff is telling the truth as to his own experience, but still conclude that Plaintiff's subjective account is not credible as to his actual medical condition. And the ALJ provides ample reasons for finding that Plaintiff's testimony is not credible, because it is inconsistent with medical evidence. (R. at 35–36.)

Accordingly, the seeming inconsistency between "great credence" and a negative credibility judgment does not provide a separate basis for remand.

**(3)** *The ALJ failed to address Plaintiff's alleged inability to walk without a cane*

The ALJ reasonably declined to credit Plaintiff's statements that he had been unable to move around without a walker at certain periods. (R. at 44.). But he did not address Plaintiff's other contention that he cannot walk without a cane, even though Plaintiff testified about his cane use. (R. at 84–85.) Perhaps the ALJ had good reasons to disregard that testimony. But since those reasons are not set forth in the record, this Court cannot tell whether they were supported by substantial evidence. And if Plaintiff needs a cane to walk, that limitation should have been considered in evaluating his residual functional capacity.

Because the ALJ did not explain why he rejected Plaintiff's claim that he needs a cane to walk, this Court cannot adequately review the ALJ's decision on that point. Accordingly, the case must be remanded on this ground as well.

**E.     Conclusion**

The Court finds that the record does not support the ALJ's finding that Plaintiff can stand for four hours per day or that Plaintiff can walk without a cane. The Court accordingly remands the case for further proceedings consistent with this opinion.

SO ORDERED on December 28, 2015.

 s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE